FRANCES MOXEY v. A. L. DAY et al.

Partition of Land — Limitation — Presumption as to Deed — Innocent Purchasers.

> After an acquiescence of twenty-eight years in a partition of land, and each party taking and controlling the portion assigned him, and after innocent parties have become involved in the title, it will be presumed that the parties made deeds to each other.

Execution Sale — Sheriff's Deed.

> The legal title must be presumed to be in the appellant from the partition and her possession thereunder; it follows that it passed by the execution sale and sheriff's deed.

APPEALED FROM HICKMAN CIRCUIT COURT.

January 6, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

There can be no question of fifteen years' limitation between these parties in this case because the execution sale under which appellees claim was on August 6, 1846, and this suit was begun November 24, 1860; consequently a period of only fourteen years, three months, and eighteen days had elapsed after the execution sale until suit brought.

In the year 1832 the heirs-at-law of J. W. Semple, deceased, by a friendly proceeding and consent decree of the Hickman Circuit Court had a partition of some 5,500 acres of land which had descended to them from said decedent.

In this partition the land in contest was assigned to appellant who was then Mrs. Garner. She entered on the land assigned her soon afterward.

Jenkins having obtained judgment and execution against her had the land levied on and sold August 6, 1846. November 2, 1847, the sheriff conveyed the land by deed to Watson, to whom Jenkins had transferred his bond; it has been sold and conveyed several times since by regular deeds down to appellees, who, and those under whom they claim, have had possession by actual occupancy since soon after the execution sale.

There was no order for the commissioner appointed to make the partition between Semple's heirs to make deeds to the respective parties, and it may be fairly presumed the parties done this among themselves, especially as the proceedings indicate that all were adults, and after an acquiescence of twenty-eight years in the partition and each party taking and controlling the portion so assigned, and after innocent parties have become involved in such title this presumption cannot be rebutted by the deed of September 7, 1860, which Mrs. Moxey obtained from a commissioner appointed on her motion to make a deed in a case which had gone from the docket twenty-eight years.

As the legal title must be presumed to be in her from the partition and her possession thereunder, it follows that it passed by the execution sale and sheriff's deed, and this all appearing from her evidence, the court properly gave a peremptory instruction to find against her.

There are some other minor questions presented, but nothing substantial; at least, no available error is perceived in them.

Wherefore, the judgment is affirmed.